UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CLARICE HART,

        Plaintiff,

vs.                                    No.: _____
                                            **JURY DEMAND**

CAPIO PARTNERS, LLC,

        Defendant.

---

**COMPLAINT**

---

COMES NOW the Plaintiff, Clarice Hart, (hereinafter "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Capio Partners, LLC (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined

1

that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Tennessee, Dyer County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Capio Partners, LLC ("Capio") is a Texas limited liability company conducting business from offices located at 3850 N. Causeway Blvd. Ste 200, Metairie, Louisiana 70002.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein

9. In or around April 2014, Defendant commenced collection activities in an attempt to collect an alleged debt (referred to hereinafter as the "Alleged Debt") from Plaintiff originating from a medical bill.

10. Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

11. Beginning in or around April 2014 and continuing through May 2014, Defendant repeatedly caused Plaintiff's phone to ring repeatedly, daily, sometimes up to five times per day.

12. On or about April 23, 2014, Defendant placed a telephone call to Plaintiff at 9:16 pm, a time known to be inconvenient for consumers. ("Exhibit A").

13. Upon information and belief, to date, Plaintiff has not received any written communication from Defendant.

14. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIRST CAUSE OF ACTION
### (Violations of 15 U.S.C §1692g(a))

15. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's conduct violated 15 U.S.C. §1692g(a) in that Defendant failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication.

17. Upon information and belief, to date, Defendant has not sent such a notice to Plaintiff.

18. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692d(5))

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's conduct violated 15 U.S.C. §1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly, daily, sometimes up to 5 times per day.

21. As a result of Defendant's violation of the FDCPA, the Plaintiff has been damaged, became nervous, anxious, upset, and suffered emotional distress, and is entitled to statutory damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692c(a)(1))

22.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23.     Defendant's conduct violated §1692c(a)(1) in that Defendant contacted Plaintiff after 9:00 pm, a time known to be inconvenient for consumers..

24.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

25.      Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

## PRAYER FOR RELIEF

   **WHEREFORE**, Plaintiff Clarice Hart demands judgment against the Defendant Capio Partners, LLC as follows:

   A.   For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

   B.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

   C.   For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

   D.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

                                        Respectfully submitted,

                                        s/ Mark Renken

                                        Mark Renken
                                        Attorney for Plaintiff
                                        TN BPR #22986
                                        Fredrick Schulman & Associates
                                        44 North 2nd Street, Suite 300

                                          Memphis, TN 38103
                                          (901) 521-4302
                                          markrenken@hotmail.com

Case 2:14-cv-02518-JTF-tmp   Document 1   Filed 07/03/14   Page 6 of 6   PageID 6